# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYLE L. ALLEN, | : No. 3:17cv940 |
| Petitioner | : |
| | : (Judge Munley) |
| v. | : |
| | : (Magistrate Judge Saporito) |
| CRAIG A. LOWE, Warden of Pike | : |
| County Correctional Facility, et al. | : |
| Respondents | : |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this \_\_4\_\_th day of October 2017, we have before us for disposition Magistrate Judge Joseph F. Saporito's report and recommendation, which proposes that Lyle L. Allen's petition for a writ of habeas corpus be granted. No objections to the report and recommendation have been filed, and the time for such filing has passed. Therefore, in deciding whether to adopt the report and recommendation, we must determine if a review of the record evidences plain error or manifest injustice. Fed. R. Civ. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After a careful review, we find neither a clear error on the face of the record nor a manifest injustice, and therefore, we shall adopt the report and recommendation. It is hereby **ORDERED** as follows:

1) The magistrate judge's report and recommendation (Doc. 7) is **ADOPTED**;

2) The petitioner's request for a writ of habeas corpus (Doc. 1) is **GRANTED**;

3) An immigration judge is directed to afford the petitioner with an individualized bond hearing within **thirty days** of this order. At this hearing, the immigration judge must make an individualized inquiry into whether detention is still necessary to fulfill the purposes of ensuring that the petitioner attends removal proceedings and that his release will not pose a danger to the community, in accordance with Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469 (3d Cir. 2015). Further, the Government shall bear the burden of presenting evidence and proving that the petitioner's continued detention is necessary to fulfill the purposes of the detention statute, in accordance with Diop v. Ice/Homeland Sec., 656 F.3d 221 (3d Cir. 2011);

4) The parties should report to this court the outcome of the individualized bond determination within seven days after the hearing; and

5) The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT

_____
JUDGE JAMES M. MUNLEY
United States District Court